**13 CIV 8582**

JUDGE FORREST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ANTHONY ROMANO<br>2 Springdale Lane<br>Warren, NJ 07059<br>　　　　　　Plaintiff | : | Civil Action No. |
| v. | : | JURY TRIAL DEMANDED |
| GREENHOUSE<br>150 Varick Street<br>New York, NY 10013<br>　　and<br>ENTERTAINMENT ENTERPRISES, LTD.<br>23 Hummingbird Drive<br>East Hills, NY 11576<br>　　and<br>JOHN DOE #1<br>　　　　　　Defendants. | : | |



## COMPLAINT

Plaintiff Anthony Romano ("Romano"), by and through his attorney, brings this action and alleges by way of Complaint as follows:

### THE PARTIES

1. At all material times hereto, Plaintiff, Anthony Romano, is a New Jersey resident with a current address of 2 Springdale Lane, Warren, New Jersey.

2. At all material times hereto, Defendant, Greenhouse, is a business entity organized under the laws of the State of New York and under which Entertainment Enterprises, LTD operates its business, currently located at 150 Varick Street, New York, New York and engaged in the sale and service of alcoholic beverages to the general public as authorized and approved by the Division of Alcoholic Beverage Control in the State of New York, and was charged with the obligation of proper control, maintenance, supervision and general safe keeping

of said premises and the general supervision of all business invitees upon the premises and for the safe and secure sale of alcoholic beverages on the premises.

3. At all material times hereto, Defendant, Entertainment Enterprises, LTD, is a New York corporation organized and existing under the laws of the State of New York with a business address located at 23 Hummingbird Drive, East Hills, New York and engaged in the sale and service of alcoholic beverages to the general public as authorized and approved by the Division of Alcoholic Beverage Control in the State of New York, and was charged with the obligation of proper control, maintenance, supervision and general safe keeping of said premises and the general supervision of all business invitees upon the premises and for the safe and secure sale of alcoholic beverages on the premises.

4. At all material times hereto, Defendant, John Doe #1, is fictitious John Doe designation for an individual who was at all times relevant hereto and mentioned herein an employee, agent, servant and/or business invitee of Defendants Greenhouse and Entertainment Enterprises, LTD on December 4, 2011.

## JURISDICTION AND VENUE

5. Jurisdiction is founded upon 28 U.S.C. § 1332.

6. The amount in controversy exceeds the sum of $150,000.00 exclusive of interests and costs.

7. Venue is proper in this District. The events that gave rise to Plaintiff's claims occurred within this District.

## GENERAL ALLEGATIONS

8. On or about December 4, 2011, at approximately 3:30 a.m. Plaintiff, Anthony Romano, was a customer and business invitee of the Defendants Greenhouse and Entertainment Enterprises, LTD

9. While present on Defendants' premises, Plaintiff was attacked and hit in the face with a beer bottle by Defendant John Doe #1, another business invitee of Defendants Greenhouse and Entertainment Enterprises, Ltd., causing substantial ocular trauma to include, but not be limited to, a retinal tear and detachment, subonjuctival hemorrage, uveities and corneal edema.

## COUNT ONE
### Negligence/Dram Shop/Inadequate Security Against Defendant Greenhouse

10. Plaintiff incorporates herein by reference the averments set forth in paragraphs 1 through 9 above as if same are fully set forth herein.

11. On or about December 4, 2011, Plaintiff was a business invitee on the property and premises owned and operated by Defendant Greenhouse in the City and County of New York, State of New York.

12. At said time and place, Plaintiff was attacked and hit in the face with a beer bottle by another invitee of said Defendant.

13. The negligence, carelessness, and/or recklessness of Defendant Greenhouse consisted *inter alia* of the following:

    (a)    *Respondeat Superior*;

    (b)    Serving, by and through its agents, servants, workers and/or employees, intoxicating beverages to Defendant, John Doe #1, after he had imbibed

alcoholic beverages to such an extent that he became visibly and obviously intoxicated and combative with obvious combativeness;

(c) Failure to have adequate staff and/or security staff;

(d) Failure to properly train its staff and/or security staff;

(e) Negligent hiring;

(f) Failure to keep premises in a safe and secure condition;

(g) Failure to exercise proper care in escorting visibly intoxicated, combative customers from the premises;

(h) Failure to promptly respond to a dangerous condition and prevent foreseeable injury to business invitees;

(i) Failure to provide proper safe guards and/or security on its' property;

(j) Permitting a dangerous and hazardous condition to exist;

(k) Failure to exercise due and proper care under the circumstances;

(l) Negligence at law;

(m) Such other negligence as may be may be more apparent during discovery.

14. At all material times hereto, Defendant Greenhouse, by and through its agents, servants, workers and /or employees, failed and neglected in its duties to detect from the activities and actions of Defendant John Doe #1 that he was in an intoxicated state.

15. As a result of the negligence, carelessness and/or recklessness of Defendant Greenhouse, Defendant John Doe #1 was under the influence of alcohol such that he assaulted Plaintiff, causing Plaintiff to suffer the aforesaid severe and painful bodily injuries.

16. As a result of the aforesaid negligence, carelessness and/or recklessness of the Defendant Greenhouse by failing to adequately protect the safety of its patrons, and the assault on Plaintiff caused thereby, Plaintiff has sustained the aforementioned severe and permanent injuries for which he has been and will in the future be caused to obtain medical treatment in an effort to cure and alleviate his pain and injuries.

17. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant Greenhouse, Plaintiff has been and probably will in the future continue to be prevented from attending to his usual duties, activities, occupations and avocations, and has suffered and may suffer same permanently, a severe loss of his earning and impairment of earning capacity or power.

18. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant Greenhouse, Plaintiff suffered loss and restriction in the enjoyment of the pleasures of life, all of which have caused the Plaintiff real and excruciating physical and mental pain, suffering, embarrassment and humiliation, and may cause Plaintiff to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff Anthony Romano demands judgment against Defendants, jointly and severely, for compensatory damages together with attorney's fees and all such other relief that the court may deem appropriate.

## COUNT TWO
### Negligence/Dram Shop/Inadequate Security Against Defendant Entertainment Enterprises, Ltd.

19. Plaintiff incorporates herein by reference the averments set forth in paragraphs 1 through 18 above as if same are fully set forth herein.

20. On or about December 4, 2011, Plaintiff was a business invitee on the property and premises owned and operated by Defendant Entertainment Enterprises, Ltd. in the City and County of New York, State of New York.

21. At said time and place, Plaintiff was attacked and hit in the face with a beer bottle by another invitee of said Defendant.

22. The negligence, carelessness, and/or recklessness of Defendant Entertainment Enterprises, Ltd. consisted *inter alia* of the following:

    (a)    *Respondeat Superior*;

    (b)    Serving, by and through its agents, servants, workers and/or employees, intoxicating beverages to Defendant, John Doe #1, after he had imbibed alcoholic beverages to such an extent that he became visibly and obviously intoxicated and combative with obvious combativeness;

    (c)    Failure to have adequate staff and/or security staff;

    (d)    Failure to properly train its staff and/or security staff;

    (e)    Negligent hiring;

    (f)    Failure to keep premises in a safe and secure condition;

    (g)    Failure to exercise proper care in escorting visibly intoxicated, combative customers from the premises;

    (h)    Failure to promptly respond to a dangerous condition and prevent foreseeable injury to business invitees;

    (i)    Failure to provide proper safe guards and/or security on its' property;

    (j)    Permitting a dangerous and hazardous condition to exist;

    (k)    Failure to exercise due and proper care under the circumstances;

(l) Negligence at law;

(m) Such other negligence as may be may be more apparent during discovery.

23. At all material times hereto, Defendant Entertainment Enterprises, Ltd., by and through its agents, servants, workers and /or employees failed and neglected in its duties to detect from the activities and actions of Defendant John Doe #1 that he was in an intoxicated state.

24. As a result of the negligence, carelessness and/or recklessness of Defendant Entertainment Enterprises, Ltd., Defendant John Doe #1 was under the influence of alcohol such that he assaulted Plaintiff, causing Plaintiff to suffer the aforesaid severe and painful bodily injuries.

25. As a result of the aforesaid negligence, carelessness and/or recklessness of the Defendant Entertainment Enterprises, Ltd., by failing to adequately protect the safety of its patrons, and the assault on Plaintiff caused thereby, Plaintiff has sustained the aforementioned severe and permanent injuries for which he has been and will in the future be caused to obtain medical treatment in an effort to cure and alleviate his pain and injuries.

26. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant Entertainment Enterprises, Ltd., Plaintiff has been and probably will in the future continue to be prevented from attending to his usual duties, activities, occupations and avocations, and has suffered and may suffer same permanently, a severe loss of his earning and impairment of earning capacity or power.

27. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant Entertainment Enterprises, Ltd., Plaintiff suffered loss and restriction in the

enjoyment of the pleasures of life, all of which have caused the Plaintiff real and excruciating physical and mental pain, suffering, embarrassment and humiliation, and may cause Plaintiff to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff Anthony Romano demands judgment against Defendants, jointly and severely, for compensatory damages together with attorney's fees and all such other relief that the court may deem appropriate.

## COUNT THREE
### Negligence Against Defendant John Doe #1

28. Plaintiff incorporates herein by reference the averments set forth in paragraphs 1 through 27 above as if same are fully set forth herein.

29. On or about December 4, 2011, Plaintiff was a business invitee on the property and premises owned and operated by Defendant entertainment Enterprises, Ltd. in the City and County of New York, State of New York.

30. At said time and place, Defendant John Doe #1 became extremely intoxicated inside of Defendant Greenhouse and negligently attacked Plaintiff by hitting Plaintiff in the face with a beer bottle.

31. As a result of said negligence, carelessness, and recklessness, Plaintiff suffered the aforementioned severe and permanent injuries for which he has been and will in the future be caused to obtain medical treatment in an effort to cure and alleviate his pain and injuries.

32. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant John Doe #1, Plaintiff has been and probably will in the future continue to be prevented from attending to his usual duties, activities, occupations and avocations, and has suffered and may suffer same permanently, a severe loss of his earning and impairment of earning capacity or power.

33. As a further result of the aforesaid negligence, carelessness, and/or recklessness of Defendant John Doe #1, Plaintiff suffered loss and restriction in the enjoyment of the pleasures of life, all of which have caused the Plaintiff real and excruciating physical and mental pain, suffering, embarrassment and humiliation, and may cause Plaintiff to suffer same for an indefinite time in the future.

34. Defendant John Doe #1 was negligent in his actions in that he became intoxicated such that he could not conduct himself in a reasonable manner and was otherwise negligent, careless and/or reckless.

35. Plaintiff was in no way negligent.

WHEREFORE, Plaintiff Anthony Romano demands judgment against Defendants, jointly and severely, for compensatory damages together with attorney's fees and all such other relief that the court may deem appropriate.

## COUNT FOUR
### Assault and Battery Against Defendant John Doe #1

36. Plaintiff incorporates herein by reference the averments set forth in paragraphs 1 through 35 above as if same are fully set forth herein.

37. On or about December 4, 2011 inside Greenhouse located at 150 Varick Street in the City and County of New York, State of New York, the Defendant John Doe #1 did maliciously strike Plaintiff by hitting Plaintiff in the face with a beer bottle.

38. As a result of said assault and battery, Plaintiff suffered the aforementioned severe and permanent injuries for which he has been and will in the future be caused to obtain medical treatment in an effort to cure and alleviate his pain and injuries, has been and probably will in the future continue to be prevented from attending to his usual duties, activities, occupations and avocations, and has suffered and may suffer same permanently, a severe loss of

his earning and impairment of earning capacity or power and has suffered loss and restriction in the enjoyment of the pleasures of life, all of which have caused the Plaintiff real and excruciating physical and mental pain, suffering, embarrassment and humiliation, and may cause Plaintiff to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff Anthony Romano demands judgment against Defendants, jointly and severely, for compensatory damages together with attorney's fees and all such other relief that the court may deem appropriate.

Respectfully submitted,

*Alan L. Hirshman*

Alan L. Hirshman, Esquire
32 Court Street
Brooklyn, NY 11201
(718) 855-5066
(718) 522-0432 Fax
*Local Counsel for Plaintiff*
*Anthony Romano*


J. Michael Farrell, Esquire
718 Arch Street - Suite 402N
Philadelphia, PA 19106
(215) 925-1105
(215) 925-4099 Fax
*Pro Hace Vice Counsel for Plaintiff*
*Anthony Romano*

Dated: 12/2/13

## JURY DEMAND

Plaintiff, Anthony Romano, demands a trial by jury as to all issues in this action.

_____
Alan L. Hirshman, Esquire
*Local Counsel for Plaintiff*
*Anthony Romano*

J. Michael Farrell, Esquire
*Pro Hace Vice Counsel for Plaintiff*
*Anthony Romano*

Dated: 12/2/13