UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ANTHONY ROMANO

                              Plaintiff,

     -against-

GREENHOUSE; ENTERTAINMENT
ENTERPRISES, LTD. and JOHN DOE #1

                              Defendants.
-----------------------------------------------------------x

Index No. 13 Civ 8582

VERIFIED ANSWER

      The defendant, 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE appearing herein on behalf by their attorneys EPSTEIN, GIALLEONARDO, HARMS & McDONALD, to Answer the Complaint of the plaintiff, alleges.

## THE PARTIES

    1.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "1 and "3."

    2.    Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2", except admits that defendant 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE is a New York corporation, which operated at 150 Varick Street, New York, New York on December 4, 2011 and leave(s) all questions of law to the Court for determination at time of trial.

    3.    Denies each and every allegation contained in the paragraphs of the complaint designated as follows: "4."

## JURISDICTION AND VENUE

4. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "5", "7" and leave(s) all questions of law to the Court for determination at time of trial.

5. Denies each and every allegation contained in the paragraphs of the complaint designated as follows: "6"

6. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "7" and leave(s) all questions of law to the Court for determination at time of trial.

## GENERAL ALLEGATIONS

7. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "8."

8. Denies each and every allegation contained in the paragraph of the complaint designated as follows: "9."

### COUNT ONE
### Negligence/Dram Shaop/Inadequate Security Against Defendant GREENHOUSE

9. Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "9" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "9" of the complaint.

10. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "11"

11. Denies each and every allegation contained in the paragraph of the complaint designated as follows: "12", "13", '"14", "15", "16", "17", "18."

## COUNT TWO
### Negligence/Dram Shaop/Inadequate Security Against Defendant ENTERTAINMENT ENTERPRISES, LTD.

12. Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "18" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "19" of the complaint.

11. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "20", "21", "23", "24", "25", "26", "27."

12. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as follows: "22" and leave(s) all questions of law to the Court for determination at time of trial.

## COUNT THREE
### Negligence Against Defendant JOHN DOE #1

13. Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "27" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "28" of the complaint.

14. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "29" and leave(s) all questions of law to the Court for determination at time of trial.

15. Denies each and every allegation contained in paragraphs "30", "31", "32", "33", "34", "35" of the complaint.

## COUNT FOUR

16. Repeat(s) and reiterate(s) each and every admission and denial to the allegations set forth in paragraphs "1" through "35" of the complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph designated paragraph "36" of the complaint.

17. Denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs of the complaint designated as "37."

18. Denies each and every allegation contained in paragraph "38" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the accident alleged in the complaint and the injuries and damages alleged therein to have been incurred by the plaintiff were proximately caused in whole or in part by the contributory negligence and/or culpable conduct of the plaintiff herein.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The liability of these answering defendants are limited under the terms of Article Sixteen of the Civil Practice Law and Rules of The State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the plaintiff had knowledge or, appreciated and voluntarily encountered the risks incident to the activities in which he was engaged as alleged in the complaint. The injuries alleged by the plaintiff were caused by or arose out of such risks assumed by him.

Any injuries or damages allegedly sustained by the plaintiff were caused or contributed to in whole or in part by the plaintiff's failure to mitigate said injuries or damages, and if any judgment is recovered against the defendant(s), said judgment should be apportioned and reduced by the percentage of the plaintiff's failure to mitigate said injuries or damages.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules.

If any damages are recoverable against the answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral sources.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The plaintiff fails to state a viable cause of action against the answering defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That the Court lacks jurisdiction over the person of the answering defendant.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS ENTERTAINMENT ENTERPRISES, LTD, and JOHN DOE #1 DEFENDANT 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE, ALLEGES AS FOLLOWS:

The defendant, 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE alleges the following as and for a CROSS-CLAIM against the co-defendants: ENTERTAINMENT ENTERPRISES, LTD. and JOHN DOE #1.

That if the plaintiffs sustained the damages alleged in the complaint through any negligence and/or culpable conduct other than their own, such damages were caused by and resulted from the negligence and/or culpable conduct of said co-defendants.

In the event that the plaintiff recovers judgment against answering defendant(s), then said co-defendants will be liable to answering defendant, in whole or in the part, for said judgment.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS ENTERTAINMENT ENTERPRISES, LTD, and JOHN DOE #1 DEFENDANT 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE, ALLEGES AS FOLLOWS:

That if the plaintiff suffered any injuries or damages, through negligence other than their own and if the plaintiff should thereby recover any judgment against these

answering defendants, such recovery will have been brought about and caused by the active, affirmative and primary negligence of the defendant, ENTERTAINMENT ENTERPRISES, LTD and JOHN DOE #1 their agents, servants and/or employees without any active or affirmative negligence on the part of this defendant contributing thereto, and defendants, ENTERTAINMENT ENTERPRISES, LTD. and JOHN DOE #1 will thereby be obliged indemnify this answering defendant for any judgment that may be recovered against it by reason of the occurrence mentioned and described in the plaintiff's complaint.

**WHEREFORE**, the defendant(s) 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE demand(s) a judgment dismissing the complaint herein as to the answering defendant(s) and further demand(s) that the ultimate rights of the defendant(s) 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE and ENTERTAINMENT ENTERPRISES, LTD. and JOHN DOE #1 as between themselves be determined in this action, and that the defendant(s) 150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE have judgment over and against for all or part of any verdict which may be obtained herein by the plaintiff against the defendant(s) together with the costs and disbursements of the action plus all attorneys' fees and all other costs herein.

DATED:  New York, NY
        February 10, 2014

Yours, etc.

EPSTEIN, GIALLEONARDO, HARMS & MCDONALD
Attorneys for Defendants
150 RFT VARICK CORP. D/B/A GREENHOUSE S/H/A GREENHOUSE
One Whitehall Street – 13TH Floor
New York, NY 10004-2109
Phone: (212) 248-9100
File No.: 13-023675

By:  *James Feehan*
JAMES FEEHAN, ESQ.(JF7666)

TO:
ALAN L. HIRSHMAN, ESQ.
Local Counsel for Plaintiff

J. MICHAEL FARRELL, ESQ.
*Pro Hace Vice Counsel for Plaintiff*